## P. B. NUTTALL ET AL *v.* JAS. W. ROBERTS ET AL.

Appeals—Limitation—Judgment Presumed To Be Rendered On Last Day of Term—Extention of Term.

It may be presumed that a judgment was rendered on the last day of the term, where there is nothing to the contrary. The burden is on the appellant to show that the term fixed by law was extended.

APPEAL FROM HENRY CIRCUIT COURT.

January 12, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

The plea of limitation is relied upon to bar this appeal.

The judgment appealed from was rendered at the September term, of 1863, of the Henry Circuit Court; but what day of the month, or of the term, is not stated in the transcript before us; the copy of the record was filed and the appeal was allowed the 15th of September, 1866.

The time for holding the Henry Circuit Courts was in 1863, as fixed by law, the first Monday in April, to continue 12 judicial days, and on the first Monday in September, and to continue six juridicial days. 1 *Vol. R. S.,* 317.

If then the September term of said court in 1863, commenced on the 7th day of the month, the latest day of the month that it could have commenced, and had continued the six days allowed by law, it must have adjourned on the 12th day of the month, and if it be admitted that the judgment was rendered on the last day of the term, the most favorable view for Nuttall, &c., it is apparent that more than three years had elapsed from the rendition of said judgment, before the appeal was taken, and it does not appear that the September term, 1863, of the Henry Circuit Court was extended beyond the six judicial days fixed by law. If the term was extended, it devolved on appellants to show it.

As therefore it does not appear that more than three years had elapsed next after the rendition of the judgment before the appeal was taken, the plea must prevail.

Wherefore, the appeal is barred.

*Harlan & Harlan, for appellants.*

*Rodman, for appellees.*